UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Todd Howell *et al.*,<br><br>    *Plaintiffs,*<br><br>v.<br><br>Yale University,<br><br>    *Defendant.* | Civ. No. 3:22-cv-01160 (JCH)<br><br><br><br>July 17, 2023 |

### RULING AND ORDER ON DEFENDANT'S
### APPLICATION FOR ATTORNEYS' FEES AND COSTS [ECF No. 38]

The Defendant, Yale University, has applied for an award of attorneys' fees pursuant to the Court's orders (ECF Nos. 25, 32) in connection with two successful motions to compel. (App. for Attys.' Fees, ECF No. 38) ("Application"). For the following reasons, the Defendant's application is allowed, although not in the amount sought.

1. **Background**

The Defendant served interrogatories and requests for production on January 20, 2023. (*See* First Mot. to Compel, ECF No. 23) ("First Motion"). When months went by without a response from the Plaintiffs, the Defendant moved to compel. (*Id.*) On May 25, 2023, the Court ordered the Plaintiffs "to comply in full with the defendant's interrogatories and requests for production by June 8, 2023," and to provide a damages analysis that was then long overdue. (ECF No. 25.) The Court also granted the First Motion to the extent that it sought an award of reasonable fees and costs. (*Id.*) The Court did not then decide the amount to be awarded, but instead instructed the parties to attempt to negotiate an agreed figure, and it authorized the Defendant to make a fee application if an agreement could not be reached. (*Id.*)

1

The Plaintiffs did not comply with the interrogatories and requests for production on June 8th, and accordingly, the Defendant filed a supplemental motion to compel the next day. (Supp. Mot. to Compel, ECF No. 28) ("Supplemental Motion"). In separate orders dated June 16, 2023 and June 30, 2023, the Court granted the Supplemental Motion and awarded the Defendant its fees and costs of preparing the motion and attending the corresponding hearings. (ECF Nos. 32, 41.) Again, the Court did not determine the amount to be awarded, but instead authorized the Defendant to add the fees and costs of the Supplemental Motion to the meet-and-confer process and to its fee application if necessary.

Claiming to have been unable to negotiate an agreed fee with the Plaintiffs, the Defendant filed an application for an award of $7,530.00 in fees and costs on June 29, 2023. ("Application," ECF No. 38.) In a supporting affidavit, their lead counsel, Kevin C. Shea, stated that he expended not less than 18.0 hours on the matter. (Aff. of Kevin C. Shea, ECF No. 38-1, at 2) ("Shea Affidavit," ECF No. 38-1). He also stated that his associate, Attorney Jordan Kowalski, expended not less than 10.4 hours. (*Id.* at 1-2.) Using hourly rates of $300 and $200, the Defendant claims total fees of $5,400.00 for Attorney Shea and $2,080.00 for Attorney Kowalski. (*Id.* at 2.) The Defendant also claims $50.00 for travel to and parking at the hearing on the Supplemental Motion. (*Id.* at 2.)

As the Court has already determined that attorneys' fees and costs should be assessed against the Plaintiffs (ECF Nos. 25, 32), it need only address the reasonableness of the requested amounts. The Court gave the Plaintiffs an opportunity to object to the requested fees and costs (ECF No. 25), but they did not do so. Accordingly, the Court will assess the reasonableness of the request on the Defendant's submission alone, informed by the relevant legal authorities and its experience in other cases.

## 2. Applicable Legal Principles

"As a general matter, the starting point in analyzing whether claimed attorneys' fees are appropriate is the lodestar[.]" *Yuajian Lin v. La Vie en Schezuan Rest. Corp.*, No. 15-cv-09507 (DF), 2020 WL 1819941, at *2 (S.D.N.Y. Apr. 9, 2020) (citing *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted). The "lodestar" is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea*, 658 F.3d at 166. While the Second Circuit has suggested that the term is outdated, *see Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (observing that "[t]he meaning of the term 'lodestar' has shifted over time, and its value as a metaphor has deteriorated to the point of unhelpfulness"), it has also held that district courts must calculate the figure. *Ortiz v. City of N.Y.*, 843 F. App'x 355, 358 (2d Cir. 2021) (summary order) ("[w]e have explained that district courts evaluating a request for attorneys' fees must conduct a lodestar analysis, which calculates reasonable attorneys' fees by multiplying the reasonable hours expended on the action by a reasonable hourly rate, which results in a presumptively reasonable fee.") (internal quotation marks omitted).

In assessing the first factor in the lodestar calculation – the reasonable hourly rate – the Second Circuit has directed district courts to "bear in mind *all* of the case-specific variables that [it] and other courts have identified as relevant to the reasonableness of an attorney's fees[.]" *Arbor Hill*, 522 F.3d at 190 (emphasis in original). "The reasonable hourly rate is the rate a paying client would be willing to pay," and in determining that rate, district courts should consider (among other things) the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714

3

(5th Cir. 1974).[1]  *Id.*  Courts also consider whether the individual attorney performed work "commensurate with his level of experience," and have reduced rates when, for example, an experienced partner-level attorney performs work that a junior associate could have performed. *E.g., Wei v. Sichuan Pepper, Inc.*, No. 3:19-cv-525 (JBA) (TOF), 2022 WL 385226, at *17 (D. Conn. Jan. 17, 2022), *report and recommendation adopted*, 2022 WL 382019 (D. Conn. Feb. 2, 2022).  Fee applicants bear the burden to show that their "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Disney Enterps., Inc. v. Merchant*, No. 6:05-cv-1489, 2007 WL 1101110, at *8 (N.D.N.Y. Apr. 10, 2007) (citation omitted).

In analyzing the second lodestar factor – the reasonable number of hours required – courts consider, among other things, the quality of the representation and the complexity of the work.  "In determining whether an excessive amount of time was expended on the matter, the Court may consider, *inter alia*, the nature and quality of the work submitted by counsel in connection with the litigation, and whether the work was complicated or straightforward."  *Yuajian Lin*, 2020 WL 1819941, at *2; *see also Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13-cv-3061 (JGK), 2014 WL 2624759, at *6 (S.D.N.Y. June 10, 2014) ("In assessing whether the hours worked were reasonable, courts in this district often take into account the straightforward nature of the work performed and the relative simplicity of the issues involved.") (citation and brackets

---

[1] The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Lilly v. City of N.Y.*, 934 F.3d 222, 228 (2d Cir. 2019).

omitted).  Courts are "not to compensate counsel for unnecessary hours . . . and in sizing the appropriate reduction, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application[.]" *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 57 (S.D.N.Y. 2015) (citation and internal quotation marks omitted).  In any event, the party seeking fees bears the burden of demonstrating that its request is reasonable and must provide the Court with enough information to assess its application.  *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Of course, the product of a reasonable hourly rate and a reasonable number of hours establishes only a "presumptively reasonable" fee.  "[I]t is still within the court's discretion to adjust the amount upward or downward based on [] case-specific factors." *Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*, No. 3:10-cv-60 (JBA), 2012 WL 4092515, at *1 (D. Conn. Sept. 17, 2012) (citation and internal quotation marks omitted).  "Hence, the process is really a four-step one, as the court must: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." *Adorno v. Port Auth. of New York & New Jersey*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010).

3. Discussion

    a. **Reasonable Rates**

        i. *Attorney Shea*

In this case, $300 an hour is a reasonable rate for the work performed by Attorney Shea. Courts in this district generally approve hourly rates between $300 and $400 for experienced partner-level attorneys in non-complex commercial cases.  *See, e.g., Faniel v. PAFY, Inc.*, No.

3:20-cv-387 (VLB) (TOF), 2022 WL 1212813, at *8 (D. Conn. Feb. 14, 2022), *report and recommendation approved and adopted*, 2022 WL 2287599 (D. Conn. May 4, 2022); *Tahirou v. New Horizon Enterps., LLC*, No. 3:20-cv-281 (SVN) (TOF), 2022 WL 510044, at *8 (D. Conn. Feb. 21, 2022).  In *Shea v. Sieunarine*, No. 3:21-cv-673 (JCH) (TOF), 2022 WL 3359155, at *4 (D. Conn. Aug. 15, 2022), the Court concluded that $300 an hour was an appropriate rate for Attorney Shea's work on a similar matter.  Like this case, that case involved a motion to compel pertaining to an opposing party's failure to respond to interrogatories and requests for production.  The Court reasoned that "[the] motion presented no novel and difficult questions, and it required no special level of skill . . . to perform the legal service properly."  *Shea*, 2022 WL 3359155, at *3 (citing *Lilly*, 934 F.3d at 228) (internal quotation marks and brackets omitted).  Further, this Court explained that, "[l]itigating an essentially unopposed motion to compel arising out of a simple failure to respond to interrogatories and requests for production is one of the simpler tasks that can confront an attorney[.]"  *Id.*  Therefore, and consistent with this Court's prior decision, $300 an hour is a reasonable and appropriate rate for Attorney Shea's work on this non-complex motion.

        *ii.  Attorney Kowalski*

The reasonableness of Attorney Kowalski's $200 hourly rate is less clear, for two principal reasons.  First, "[b]ecause fee applicants bear the burden to show that their 'requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation,' a failure to provide information about the lawyer's qualifications can 'provide a basis to deny [an] application for an award of attorneys' fees' for that lawyer."  *Faniel*, 2022 WL 1212813, at *9 (quoting *Disney Enterps., Inc.*, 2007 WL 1101110, at *8)).  In this case, the Defendant has provided no information about Attorney Kowalski's qualifications (*see generally* Shea Affidavit), and the Court's own inquiry reveals that he is a first-

year associate. *Faniel*, 2022 WL 1212813, at *9 ("[C]ourts sometimes examine attorneys' websites to determine their qualifications when the attorney has neglected to provide the information."); Jordan Kowalski, https://www.linkedin.com/in/jkowalski28/ (last visited July 13, 2023) (disclosing that Attorney Kowalski graduated from the Quinnipiac University School of Law in 2022). But this leads to the second reason – it is not clear that $200 is a reasonable hourly rate for so junior a lawyer.

Until very recently, courts in the Second Circuit rarely awarded more than $175 an hour for work performed by first-year associates. For example, in *Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, & Labor Management. Cooperation Funds v. Excel Installations, LLC*, No. 19-cv-3012 (ERK) (SMG), 2019 U.S. Dist. LEXIS 215950, at *12-13 (E.D.N.Y. Dec. 13, 2019) ("Excel Installations"), the court reduced a first-year associate's rate from $225 an hour to $175 an hour for work on a petition to confirm an arbitration award. Similarly, in *Gervacio v. ARJ Laundry Services*, No. 17-cv-9632 (AJN), 2019 U.S. Dist. LEXIS 12760, at *5 (S.D.N.Y. Jan. 25, 2019), the court reduced a first-year associate's rate to $175 an hour, finding the associate's rate of $250 an hour to be "unreasonably high" for work on an FLSA action and settlement. In *Wei* and *Faniel*, this Court approved only $175 an hour for work performed by attorneys with more experience than Attorney Kowalski. *Wei*, 2022 WL 385226, at *18 (approving a rate of $175 per hour for a fifth-year associate who had "appeared in 186 wage and hour cases in courts throughout the Northeast"); *Faniel*, 2022 WL 1212813, at *10 (approving a $175 hourly rate for an attorney who, although admitted to the practice of law in 1987, had been litigating in the relevant practice area for less than three years).

By contrast, some very recent cases indicate the courts' willingness to award first-year associates $200 an hour. For example, in 2023, a court reduced a first-year associate's rate (at the

same firm at issue in Excel Installations, above) to $200 an hour for work on an ERISA action and petition to enforce an arbitration award.  *Finkel v. Millennium Fire Servs.*, No. 22-cv-6225 (RPK) (RML), 2023 U.S. Dist. LEXIS 61212, at *12 (E.D.N.Y. Apr. 6, 2023).  Further, in *Finkel v. Allstate Electric Corp.*, No. 18-cv-3798 (CBA) (RML), 2020 U.S. Dist. LEXIS 65591, at *11 (E.D.N.Y. Apr. 14, 2020), the court reduced a different first-year associate's rate (again, at the same firm as in Excel Installations), stating that, "[b]ecause [she] was in her first year of practice at the time she worked on this matter, a lower hourly rate of $200 is appropriate."  *See also Trs. of the Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity & Apprenticeship, & Skill Improvement & Safety Funds v. Kel-Tech Constr., Inc.*, No. 19-cv-2487 (ENV) (SJB), 2020 U.S. Dist. LEXIS 155405, at *24 (E.D.N.Y. Aug. 25, 2020) (reducing associate's rate to $200 an hour given her "limited experience, the simplicity of ERISA default cases, and recent decisions by this Court[.]"); *Munoz v. Coastal Cap. Processing, LLC*, No. 19-cv-1312, 2022 U.S. Dist. LEXIS 208927, at *9 (W.D.N.Y. Nov. 17, 2022)  (finding that $200 per hour was reasonable for the work of first-year associates in an FDCPA case, given the "straightforward nature" of the litigation and the "relative lack of experience of the associates.").

  While $200 an hour reflects only a recent trend, the Court will award Attorney Kowalski the rate in consideration of the unique facts present in this case.  Here, the plaintiffs have not objected, and, therefore, presumably concede that $200 an hour is reasonable for Attorney Kowalski.  Moreover, the motion was well-presented and arguably reflects more than a first-year level of skill.  To be sure, it was much longer than it needed to be; again, this was a simple case of non-compliance, and a much shorter motion would have sufficed.  But where, as here, a junior-level attorney puts in too many hours presenting the court with mid-level work product, it would not be inappropriate to allow a higher rate but reduce the hours.  Thus, the Court will deem $200

to be a reasonable hourly rate for Attorney Kowalski's work in this case, but it will fully account for his relative inexperience when addressing the reasonable hours part of the lodestar calculation, set forth below.

### b. Reasonable Hours

Attorney Shea claims 18.0 hours and Attorney Kowalski claims 10.4 hours for their work in drafting the First Motion and the Supplemental Motion and attending a hearing on the latter. (*See* Shea Affidavit at 2.) They attached a copy of their invoice to their fee application, with the time entries redacted for privilege purposes. (ECF No. 38-2.) The Court directed them to submit an unredacted version for *in camera* review. (ECF No. 42.) Having reviewed the unredacted time entries, the Court will reduce the claimed hours to 11.35 and 6.0 hours for Attorney Shea and Attorney Kowalski, respectively.

The First Motion was too simple to support all the hours claimed for it. In *Shea*, this Court cut counsel's claim of 9.2 hours to litigate "an essentially unopposed motion to compel arising out of a simple failure to respond to discovery requests" by fifty percent. 2022 WL 3359155, at *4. This case presented a similarly straightforward motion with no complex legal issues involved. *See Yuajian Lin*, 2020 WL 1819941, at *2. This is not a case where the parties had a substantive fight over some contested discovery principle; it is a simple case of non-responsiveness by an opposing party. Thus, the Court will reduce by fifty percent the 12.1 hours claimed for the period of May 1 through May 3 in preparing the First Motion. (*See* ECF No. 38-2, at 1-2.) Further, the 0.6 hours claimed for May 24 are disallowed (*see id.* at 2), because Attorney Shea is too experienced to need to conduct original legal research on the consequences of Plaintiffs' failure to respond.

The drafting of the Supplemental Motion likewise does not support all the hours claimed for it. (*See id.* at 3.) The three-paragraph motion merely recites that the Plaintiffs failed to comply

with the Court's order by the deadline. (ECF No. 28.) The Court is not persuaded that 4.3 hours were necessary to complete this task (*see* ECF No. 38-2, at 3), and it will reduce this figure by fifty percent. Likewise, the hours claimed for June 12 and the hours claimed in the second entry for June 15 should be reduced by fifty percent. (*See id.* at 4.) In a case where the opposing party simply did not respond to interrogatories and requests for production, the Court does not regard 4.5 hours of hearing preparation time to be reasonable.

The Court approves the 0.4 hours claimed on June 13, 0.3 hours claimed on June 14, and 0.4 hours claimed in the first entry on June 15. (*See id.*) The Defendant prevailed on its motion to compel and is entitled to recover not only the hours spent drafting and filing the motion, but also the hours spent on its fee request. *See, e.g., Paul v. Ethan Allen Retail Inc.*, No. 3:21-cv-968 (VLB) (TOF), 2022 WL 1597395, at 1* (D. Conn. May 18, 2022) ("[a] fee petition may include not only those hours spent on the motion to compel itself, but also the hours 'spent reasonably in preparing and defending an application for fees'" (quoting *East Point Sys., Inc. v. Maxim*, No. 3:13-cv-00215 (VAB), 2016 WL 1169553, at *1 (D. Conn. Mar. 22, 2016))). The Court does not have (and Plaintiffs have not provided) any reason to presume the hours allotted here are unreasonable. Additionally, the 3.5 hours claimed for the June 16 hearing are approved. (*See* ECF No. 38-2, at 4.) This is a reasonable amount of time for a New Haven-based attorney to prepare for, travel to, attend, and return from a hearing in Hartford. Similarly, the 2.3 hours claimed for June 23 through June 26 are approved given what the Court received in the June 27 status report. (*See id.* at 6.)

For the foregoing reasons, the "lodestar" is calculated to be $4,655.00. This presumptively reasonable award was reached by adding together the fees for Attorney Shea ($3,405.00, the product of 11.35 post-reduction hours and his hourly rate of $300), the fees for Attorney Kowalski

($1,200.00, the product of 6.0 post-reduction hours and his hourly rate of $200), and $50.00 for parking and mileage. The fourth and final step of the analysis allows the Court to make any adjustments that might be appropriate to the "presumptively reasonable" fee. Here, however, the Court observes no reason to make any adjustments.

### c. Responsibility to Pay

Rule 37(a)(5)(A) provides that the Court may "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both" to pay a fee award. Fed. R. Civ. P. 37(a)(5)(A). Courts generally impose the fee on the attorney when there is no evidence that the party was personally responsible for the non-compliance. In *Paul,* for example, this Court ordered the plaintiff's attorney to pay the award, "[b]ecause there is nothing in the record indicating that the plaintiff herself is responsible for the circumstances that necessitated the motion to compel." 2022 WL 1597395, at *2. Similarly, in *Imperial Chemical Industries, PLC v. Barr Laboratories, Inc.*, the court held that, "[a]bsent any proof that the abusive discovery tactics . . . were expressly directed by [the] client, the sanctions imposed . . . should be borne by the attorneys and not passed on to the" client. 126 F.R.D. 467, 473 (S.D.N.Y. 1989).

The hearings revealed that the plaintiffs' side has done several things wrong in discovery, and the plaintiffs may ultimately have to answer for some of that wrongdoing themselves. For example, the plaintiffs may have spoliated important documents even after receiving a document preservation notice from their attorney. But this motion and fee application is about the failure to timely respond to the Defendants' discovery requests, and about the failure to timely comply with the Court's May 25, 2023 order. The record does not show that the plaintiffs are responsible for those particular failures. Accordingly, the Court orders the plaintiffs' attorney to pay to the

Defendant the sum of $4,655.00 on or before July 31, 2023, and to file a notice on the docket confirming that he has done so.

This ruling and order is a "determination of [a] nondispositive motion[] . . . relating to discovery." D. Conn. L. Civ. R. 72(C)(2). As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

Entered at Hartford, Connecticut this 17th day of July, 2023.

                                                */s/ Thomas O. Farrish*
                                                Hon. Thomas O. Farrish
                                                United States Magistrate Judge