## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD HOWELL, and | : | Civil Action No. |
| N.E.S.A.I.M., LLC | : | No. 3:22-cv-1160 (JCH) |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| Defendant. | : | |
| | : | November 9, 2023 |

### ANSWER AND DEFENSES

The defendant, Yale University ("University"), hereby respectfully files its Answer and Defenses to plaintiff's Complaint dated August 7, 2022. Unless specifically admitted herein, the allegations in the Complaint are denied.

### COUNT ONE

1-2. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1 and 2, and so denies the same and leaves the plaintiffs to their proof.

3. The University denies the allegations in paragraph 3, except to admit that the University is a specially chartered corporation organized and existing under and by virtue of a charter granted by the Colony and the State of Connecticut, and is a co-educational university and not-for-profit corporation with a principal place of business in New Haven, Connecticut.

    4.    The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and so denies the same and leaves the plaintiffs to their proof.

    5.    The University denies the allegations in Paragraph 5 as alleged, except to admit that it receives federal funds in the form of grants and contracts.

    6.    To the extent that the allegations in Paragraph 6 set forth legal conclusions, the University submits that no responsive pleading is required. The University otherwise denies the allegations in Paragraph 6 as alleged, except to admit that it contracted with "AGCT DBA NESAIM" for certain snow shoveling and related services in or around November 2019.

    7-8.    The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 7 and 8, and so denies the same and leaves the plaintiffs to their proof.

    9-10.    The University denies the allegations in Paragraphs 9 and 10 as alleged, except to admit that certain of its employees, including Joseph Signore, met with certain representatives from AGCT-CORP and/or N.E.S.A.I.M., LLC on or about November 29, 2019.

    11-12.    To the extent that the allegations in Paragraphs 11 and 12 set forth legal conclusions, the University submits that no responsive pleading is required. The University otherwise denies the allegations in Paragraphs 11 and

12 as alleged, except to admit that Joseph Signore was the Supervisor of Landscaping and Maintenance Services for the University.

13-22. The University denies the allegations in Paragraphs 13 through 22.

**COUNT TWO**

1-20. The University hereby incorporates its answers and responses to Paragraphs 1 through 20 of Count One as its answers and responses to Paragraphs 1 through 20 of Count Two, the same as though set forth fully herein.

21. To the extent that the allegations in Paragraph 21 set forth legal conclusions, the University submits that no responsive pleading is required. The University otherwise denies the allegations in Paragraph 21.

22. The University denies the allegations in Paragraph 22.

**COUNT THREE**

1-20. The University hereby incorporates its answers and responses to Paragraphs 1 through 20 of Count One as its answers and responses to Paragraphs 1 through 20 of Count Three, the same as though set forth fully herein.

21. To the extent that the allegations in Paragraph 21 set forth legal conclusions, the University submits that no responsive pleading is required. The University otherwise denies the allegations in Paragraph 21.

22. The University denies the allegations in Paragraph 22.

**COUNT FOUR**

The University does not respond to Count Four because it was dismissed by the Court (*Hall, J.*) on September 29, 2023. *See* Ruling on Defendant's Partial Motion to Dismiss (Doc. No. 12), Doc. No. 71.

**COUNT FIVE**

Count Five was dismissed by the Court (*Hall, J.*) as to plaintiff N.E.S.A.I.M., LLC on September 29, 2023. *See* Ruling on Defendant's Partial Motion to Dismiss (Doc. No. 12), Doc. No. 71. Therefore, the University responds to Count Five only as to the individual plaintiff Todd Howell.

1-20. The University hereby incorporates its answers and responses to Paragraphs 1 through 20 of Count One as its answers and responses to Paragraphs 1 through 20 of Count Five, the same as though set forth fully herein.

21. To the extent that the allegations in Paragraph 21 set forth legal conclusions, the University submits that no responsive pleading is required. The University otherwise denies the allegations in Paragraph 21.

22. The University denies the allegations in Paragraph 22.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

To the extent that the plaintiffs have suffered any damages as alleged, they failed to act reasonably to mitigate any such damages, as to which liability is expressly denied.

### SECOND DEFENSE

To the extent that the plaintiffs themselves breached any contract between the parties, the University was thereby relieved from its obligations thereunder.

### THIRD DEFENSE

The plaintiffs have received payment and compensation in full for the work, services and materials for which they were contracted.

### FOURTH DEFENSE

To the extent and in the event that the parties had a different understanding of the work and/or services to be provided under any contract between them, there was no meeting of the minds and therefore no agreement; and/or the contract should be rescinded.

### FIFTH DEFENSE

Some or all of the claims alleged in the Complaint fail to state claims upon which relief may be granted.

**SIXTH DEFENSE**

The plaintiffs have not been deprived of any right, privilege or immunity secured to them by the United States Constitution or any Act of Congress.

**SEVENTH DEFENSE**

The University acted in good faith and for legitimate, non-discriminatory business reasons at all relevant times.

**EIGHTH DEFENSE**

The University would have taken the same actions with respect to the plaintiffs without regard to the plaintiffs' race or ethnicity.

**NINTH DEFENSE**

At all times materially relevant hereto, the University exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, and the plaintiffs unreasonably failed to take advantage of preventive or corrective opportunities provided by the University or to avoid harm otherwise.

**TENTH DEFENSE**

Damages, if any, were the result of the sole negligence or other behavior of the plaintiffs.

**ELEVENTH DEFENSE**

The University denies that the plaintiffs are entitled to any compensatory damages, costs, fees or equitable relief, and expressly denies any bases for the award of punitive damages.

**TWELFTH DEFENSE**

The University is not vicariously liable as the alleged discriminator(s) are not indisputably within the class of the University's organization who may be treated as the organization's proxy.

**THIRTEENTH DEFENSE**

The plaintiffs' claims are barred in whole or in part because the University was excused by the plaintiffs' prior material breaches of any contract between them.

**FOURTEENTH DEFENSE**

One or both plaintiffs lack standing and/or have not suffered any direct injury on account of any conduct of the University.

**FIFTEENTH DEFENSE**

The Complaint fails to name both necessary and indispensable parties in whose absence complete relief cannot be granted.

**SIXTEENTH DEFENSE**

The plaintiffs failed to fully perform their duties, obligations and/or responsibilities under any contract between the parties, thereby injuring the

University's right to receive some or all of the benefits thereunder in violation of the covenant of good faith and fair dealing implicit in all contracts under Connecticut law.

**SEVENTEETH DEFENSE**

The University acted in good faith at all times materially relevant hereto and with the good faith belief that it was not violating the plaintiffs' constitutional rights.

**EIGHTEENTH DEFENSE**

The plaintiffs' race, color, religion, national origin and/or race were not motivating factors for any of the University's actions with respect to the plaintiffs.

**PRAYER**

Accordingly, the University respectfully requests that the plaintiffs take nothing by this suit, and that the defendant be, in all things, discharged and go hence without day, and with its costs of suit, and such other further relief, in law or equity, to which it may be justly entitled.

**DEMAND FOR TRIAL BY JURY**

The University demands trial by jury.

THE DEFENDANT,
YALE UNIVERSITY

BY /s/ Kevin C. Shea
KEVIN C. SHEA (ct13781)
JORDAN J. KOWALSKI (ct31499)
Clendenen & Shea, LLC
400 Orange St.
New Haven, CT 06511
203/787-1183

CERTIFICATION:

This is to certify that a copy of the foregoing has been sent to all required notification parties either via operation of the Court's electronic notification system or by first-class mail, to Todd Howell, of N.E.S.A.I.M., LLC, by regular mail to 61 North Plains Road, Wallingford, CT 06492 and by email to Todd Howell of N.E.S.A.I.M., LLC, at t.douglashowell@gmail.com on this 9th day of November 2023.

/s/ Kevin C. Shea
CLENDENEN & SHEA, LLC