**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TODD HOWELL, and<br>N.E.S.A.I.M., LLC<br>    Plaintiffs, | : <br> : <br> : <br> : | CIVIL CASE NO.<br>3:22-CV-01160 (JCH) |
| v. | : <br> : | |
| YALE UNIVERSITY,<br>    Defendant. | : <br> : <br> : | MARCH 25, 2024 |

**RULING AND ORDER ON DEFENDANT'S MOTION FOR SANCTIONS (DOC. NO. 57), DEFENDANT'S MOTION FOR EXTENSION OF TIME (DOC. NO. 69), & PLAINTIFF'S MOTION FOR REINSTANTEMENT (DOC. NO. 89)**

**I.    INTRODUCTION**

On December 12, 2023, the court issued an Order granting the defendant's Motion to Dismiss the claims of plaintiff N.E.S.A.I.M., LLC ("N.E.S.A.I.M.") for failure to secure successive counsel following the withdrawal of its initial counsel.  See Order (Doc. No. 87).  Now before the court are N.E.S.A.I.M.'s Motion to Reinstate (Doc. No. 89) and Yale University's Motions for Sanctions (Doc. No. 57) and Extension of Deadlines (Doc. No. 69).

For the reasons stated below, the court denies plaintiff N.E.S.A.I.M.'s Motion to Reinstate and defendant's Motion for Sanctions and grants in part defendant's Motion for Extension of Deadlines.

**II.    BACKGROUND**

On August 7, 2022, plaintiffs Todd Howell ("Mr. Howell") and N.E.S.A.I.M. filed this action in the Judicial District of New Haven of the Superior Court of Connecticut against Yale University ("Yale" or "the University"), alleging, breach of contract, breach

1

of implied covenant of good faith and fair dealing, violation of 42 U.S.C. § 1981, violations of the federal and state constitutions, and intentional infliction of emotional distress.  See Notice of Removal (Doc. No. 1).  On September 14, 2022, Yale removed the action to this court.  Id.  On September 26, 2023, the court granted in part and denied in part Yale's Partial Motion to Dismiss Counts Four and Five.  See Ruling on Motion to Dismiss (Doc. No. 71).  The remaining causes of action are the plaintiffs' claims for (1) breach of contract (Count One); (2) breach of implied covenant of good faith and fair dealing (Count Two); and (3) violation of section 1981 of title 42 of the U.S. Code (Count Three); as well as (4) Mr. Howell's claim for intentional infliction of emotional distress (Count Five).  See id.; see also Complaint (Doc. No. 1-1).

The relevant procedural background involves a series of Motions filed and considered simultaneously.  For the sake of clarity, the court will describe the facts related to discovery noncompliance and attorney withdrawals separately.

### A.     Discovery

On October 24, 2022, the court issued a Scheduling Order providing deadlines for discovery production and dispositive motions.  See Scheduling Order (Doc. No. 17).  In relevant part, the court ordered that: (1) any damages analysis be served on or before February 10, 2023; (2) all discovery be completed by July 21, 2023; and that Joint Status Reports be submitted by January 24, 2023, and every 90 days thereafter.  See id. at 1-2; see also Deadline Correction (Damages Analysis due by 2/10/2023) (Oct. 25, 2022).  Furthermore, the court advised the parties that the dates set forth in the "[Scheduling] Order are firm and will be extended only for good cause . . .[which] requires a particularized showing that, despite due diligence, the party seeking the extension could not comply with this order."  See id. at 3.

On March 12, 2023, the plaintiffs moved for an extension of time until April 17, 2023, to respond to discovery requests and provide their damages analysis, See Pls.' First Mot. for Ext. of Time (Doc. No. 19), which the court granted, see Order on First Mot. for Ext. of Time (Doc. No. 20).  On April 20, 2023, the parties filed their quarterly Joint Status Report, in which Yale reported that it had not received either the plaintiffs' responses to its interrogatories and requests for production or the plaintiffs' damages analysis.  See Joint Status Report (Doc. No. 21) at 3.  Yale also noted that the parties had agreed on the plaintiffs' compliance by April 28, 2023, or Yale would file a motion with the court.  See id. at 3.  The court filed a Notice to Counsel reminding the parties that a motion to compel must be filed within 30 days of the due date and cautioning the plaintiffs that, "in the future, a motion to extend must be filed to move the due date." See Notice to Counsel (Doc. No. 22).

On May 3, 2023, Yale moved to compel the plaintiffs' discovery responses and damages analysis and for sanctions.  See Def.'s Mot. to Compel & for Sanctions (Doc. No. 23).  On May 25, 2023, Magistrate Judge Farrish granted Yale's Motion to the extent that it sought an order compelling compliance with discovery requests and the damages analysis as well as an order awarding reasonable fees and costs under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure; but denied the Motion to the extent it sought additional sanctions.  See Order on Def.'s Mot. to Compel & for Sanctions ("May 25th Order") (Doc. No. 25).  The plaintiffs were ordered to comply with the discovery requests and provide the damages analysis by June 8, 2023.  See id.  The plaintiffs were further ordered to pay reasonable fees and costs by June 30, 2023,

3

provided they did not have any objection to the defendant's statement of reasonable fees and costs, which were to be provided by June 15, 2023.  See id.

On June 9, 2023, Yale filed a supplemental Motion to Compel and for Sanctions, in which the University sought an order dismissing the case with prejudice because the plaintiffs had not complied by the June 8, 2023 deadline.  See Def.'s Supp. Mot. to Compel & for Sanctions (Doc. No. 28) at 1-2.  Magistrate Judge Farrish held a hearing on the Supplemental Motion, after which, he entered an Order directing the defendant to file a Status Report specifying the completeness of the plaintiffs' compliance with discovery and the necessity of the hearing on the matter preliminarily scheduled for June 30, 2023.  See First Order on Def.'s Supp. Mot. (Doc. No. 35).

On June 27, 2023, Yale filed the Status Report ordered by Magistrate Judge Farrish, stating that: (1) "the plaintiffs' responses to most of the University's substantive interrogatories [were] vague, confusing, and woefully inadequate"; (2) "the plaintiffs [ ] failed to produce several key categories of documents"; (3) "the plaintiffs [ ] produced no information or documents identifying, quantifying or in any way supporting their damages claim(s)"; and (4) "their damages analysis still remain[ed] outstanding."  See Def.'s Status Report (Doc. No. 36) at 2.  Subsequently, Magistrate Judge Farrish ordered the June 30, 2023 hearing to go forward as scheduled.  See Order Regarding Status Report (Doc. No. 37).

On June 30, 2023, Magistrate Judge Farrish granted Yale's Supplemental Motion to Compel Discovery Responses and Damages Analysis and for Sanctions.  See Second Order on Def.'s Supp. Mot. ("June 30th Order") (Doc. No. 41).  The Order permitted Yale to depose the plaintiffs, at the plaintiffs' expense, "on the sufficiency and

4

completeness of their responses to interrogatories and requests for production, and on the circumstances surrounding the loss or destruction of any relevant documents or information." See id. Importantly, in the Order,

> [t]he [c]ourt again advise[d] the plaintiffs, as it did at the hearing, that failure to fully comply with the May 25, 2023 order may lead to severe sanctions, including dismissal of their entire case.

See id. (citing Fed. R. Civ. P. 37(b)(2)(a)(v)).

On August 15, 2023, three days before the hearing on Attorney Palmieri's Amended Motion to Withdraw, see, infra, at 6, Yale moved under Rule 37 of the Federal Rules of Civil Procedure seeking dismissal as a sanction against the plaintiffs. See Mot. for Sanction of Dismissal ("Mot. for Dismissal") (Doc. No. 57). The plaintiffs did not file a Memorandum in Opposition to the Motion. On September 6, 2023, Yale filed a Reply in support of its Motion for Sanction of Dismissal. See Reply in Support of Def.'s Mot. for Sanction of Dismissal ("Reply") (Doc. No. 65).

On September 18, 2023, Yale moved for an extension of the deadlines set for the completion of discovery and for the filing of dispositive motions. See Def.'s Mot. for Ext. of Deadlines ("Def.'s Mot. for Ext.") (Doc. No. 69).

### B. Withdrawal of Counsel & Attorney Fees

Yale moved for attorney fees on June 29, 2023, asserting that plaintiffs' counsel, William Palmieri ("Attorney Palmieri") had stated "that neither he nor Mr. Howell intended to pay" the fees and costs of $7,530 or the negotiated amount of $5,900 "and would therefore object." See Mot. for Att'y Fees (Doc. No. 38). Attorney Palmieri then moved to withdraw as the plaintiffs' counsel on July 3, 2023. See Motion to Withdraw (Doc. No. 43).

5

On July 7, 2023, Magistrate Judge Farrish denied the Motion to Withdraw without prejudice because it did not indicate that notice was provided to the plaintiffs—as required by Rule 7(e) of the Local Rules of Civil Procedure for the District of Connecticut—that "failure to engage successor counsel or file a personal appearance will result in . . . dismissal or default". See Order on Mot. to Withdraw (Doc. No. 45). Later that day, Attorney Palmieri filed an Amended Motion to Withdraw. See Am. Mot. to Withdraw (Doc. No. 46).

On July 17, 2023, the court granted in part Yale's Motion for Attorney Fees, ordering plaintiffs' counsel to pay $4,655 by July 31, 2023. See Ruling and Order on Def's Mot. for Att'y Fees and Costs (Doc. No. 48) at 11-12. On August 3, 2023, Yale filed a Notice indicating that Attorney Palmieri had failed to pay the defendant's attorney fees by the July 31, 2023 deadline. See Def.'s Notice (Doc. No. 51).

On August 17, 2023, Attorney Palmieri moved for an extension of time to file a Motion for Reconsideration or Reargument of the court's Order granting the defendant's Motion for Attorney Fees. See Mot. for Ext. of Time (Doc. No. 58). He also filed a Notice describing the notice he provided to the plaintiffs regarding the consequences for failing to engage successor counsel or file a personal appearance. See Notice Regarding Am. Mot. to Withdraw (Doc. No. 59).

On August 18, 2023, the court held a hearing on the matter of the Amended Motion to Withdraw. See Minute Entry (Doc. No. 60). Magistrate Judge Farrish ordered that the Motion for Extension of Time be sealed because Attorney Palmieri had filed exhibits containing communications protected by attorney-client privilege. See First Order on Mot. for Ext. of Time (Doc. No. 61). He further denied the Motion for

6

Extension of Time.  See Second & Third Orders on Mot. for Ext. of Time (Doc. Nos. 62, 64).

On September 13, 2023, the court granted the Amended Motion to Withdraw. See Order on Am. Mot. to Withdraw (Doc. No 67).  Although Magistrate Judge Farrish noted that, pursuant to Rule 7(e) of the Local Rules, motions to withdraw are not normally granted unless successor counsel has appeared or the party has elected to proceed pro se, and neither circumstance applied in the instant case, "the attorney-client relationship [was] irreparably broken."  See id.  Further, Magistrate Judge Farrish specified that, at the hearing, Mr. Howell had acknowledged that dismissal or default may be entered against him and N.E.S.A.I.M. if either failed to engage successor counsel or file a personal appearance.  See id.

    C.    Successive Counsel

On September 21, 2023, Yale moved to dismiss the case pursuant to Rule 41 of the Federal Rules of Civil Procedure and Rule 7(e) of the Local Rules of the District of Connecticut for the plaintiffs' failure to obtain successor counsel or file a pro se appearance.  See Second Mot. to Dismiss (Doc. No. 70).

On September 27, 2023, the court ordered Mr. Howell to either obtain successor counsel of file a pro se appearance by October 13, 2023.  See Order Regarding Counsel (Doc. No 72).  The court ordered plaintiff N.E.S.A.I.M to obtain new counsel by October 18, 2023 because a limited liability company ("LLC") may only appear in federal court through a licensed attorney.  See id. (citing Lattanzio v. COMTA, 481 F.3d 137 (2d Cir. 2007)).

On October 17, 2023, Yale moved for attorney fees.  See Second Mot. for Att'y Fees (Doc. No. 76); see also Def.'s Aff. (Doc. No. 77).  Magistrate Judge Farrish

7

denied, without prejudice, Yale's second Motion for Attorney Fees. See Order Regarding Def.'s Second Mot. for Att'y Fees (Doc. No. 83).

On October 18, 2023, Mr. Howell moved pro se for an extension of time until December 18, 2023, to find new counsel. See Pl.'s Mot. for Ext. of Time to Find New Counsel (Doc. No. 78). In support of his Motion, Mr. Howell asserted that he sought additional time, in part, to obtain all files from Attorney Palmieri and bring new counsel up to date. See id. at 1. Furthermore, Mr. Howell expressed concern over: (1) Attorney Palmieri's disclosure of privileged attorney-client communications, which he alleges gave the defendants an "unfair tactical advantage" and made it difficult to secure new counsel; (2) the alleged personal relationship between Attorney Palmieri and Yale's counsel; and (3) his inability to reach Attorney Palmieri. See id. at 1-2.

On October 19, 2023, the court granted in part the Motion, allowing plaintiffs until December 4, 2023, to find successor counsel or file a pro se appearance. See Order (Doc. No. 81). The same day, Yale filed its Objection to Mr. Howell's Motion requesting an extension of time to find successor counsel. See Def.'s Objection to Pl.'s Mot. for Ext. of Time (Doc. No. 82). Consequently, the court construed Yale's Objection as a Motion for Reconsideration and adhered to the December 4, 2023 deadline. See Order on Def.'s Objection (Doc. No. 84). Once again, the court advised the plaintiffs that:

> The LLC defendant should understand that in the absence of an appearance by counsel on its behalf by the new deadline of December 4, 2023, the court is very likely to dismiss its claims for failure to prosecute. The case would proceed with the individual plaintiff only, appearing pro se.

See id. Mr. Howell did not file a pro se appearance and no attorney filed a notice of appearance by the deadline of December 4, 2023.

8

On December 11, 2023, Yale filed a Reply to its unopposed Motion to Dismiss pursuant to Federal Rule 41 and Local Rule 7(e).  See Def.'s Reply in Support of Second Mot. to Dismiss (Doc. No. 86).  The following day, on December 12, 2023, the court granted Yale's Motion to Dismiss (Doc. No. 70) as to N.E.S.A.I.M., dismissing N.E.S.A.I.M.'s claims.  See Order on Def.'s Second Mot. to Dismiss (Doc. No. 87).

On December 15, 2023, Mr. Howell's successor counsel, Josephine Miller ("Attorney Miller"), filed an appearance.  See Notice of Appearance (Doc. No. 88).  The next day, on December 16, 2023, she filed a Motion to Reinstate the claims of N.E.S.A.I.M.  See Mot. to Reinstate (Doc. No. 89). On December 19, 2023, Yale filed its Objection to Motion to Reinstate.  See Yale Objection to Mot. to Reinstate ("Obj.") (Doc. No. 90).

Now before the court are: (1) Yale's Motion for the Sanction of Dismissal, see Mot. for Dismissal (Doc. No 57); Reply (Doc. No. 65); (2) Yale's Motion for Extension of Deadlines, see Def.'s Mot. for Ext. (Doc. No. 69); and (3) N.E.S.A.I.M.'s Motion to Reinstate its Claims, see Mot. to Reinstate (Doc. No. 89).  Yale's Motions are unopposed.  N.E.S.A.I.M.'s Motion to Reinstate is opposed.  See Obj. (Doc. No. 90).

### III.    DISCUSSION

#### A.    Motion to Reinstate (Doc. No. 89)

N.E.S.A.I.M. moves to reinstate its claims against Yale.  See Mot. to Reinstate at 1. The plaintiff does not cite any authority on which its Motion is based.  Further, the court is not aware of any federal rules or precedent addressing motions to reinstate claims that were previously dismissed.  In its Objection, Yale, while noting that it is not aware of authority governing motions of this posture, identifies cases in which courts

9

have construed motions to reinstate claims as motions under Rules 60(b), 59(e), 54(b), or the court's inherent power to modify an interlocutory appeal. See Obj. at 4-5.

Rules 60(b) and 59(e) pertain to Motions to Reconsider final judgments. See Fed. R. Civ. P. 59(e), 60(b). Because a final judgment has not been entered in the instant case, N.E.S.A.I.M.'s Motion to Reinstate is not susceptible to construction as a motion pursuant to Rules 60(b) or 59(e). On the other hand, Rule 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Thus, the court's Order dismissing N.E.S.A.I.M.'s claims is an interlocutory order under Rule 54(b). As such, the court construes the instant Motion to Reinstate as a Motion to Reconsider under Rule 54(b).

As Rule 54(b) expressly provides, interlocutory orders or decisions "may be revised at any time before the entry of a [final] judgment . . . ." See id.; Colvin v. Keen, 900 F.3d 63, 71 (2d Cir. 2018). However, "the interests of finality" applies to interlocutory orders that adjudicate claims,[1] in which case such orders "may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[2] See

---

[1] Such orders are distinct from orders that, e.g., pertain to discovery or a motion for an extension of time.

[2] The court notes that the standard for reconsideration of Rule 54(b) orders that adjudicate claims is the same as the standard applicable for motions to reconsider final judgments. See Kolel Beth Yechiel

Colvin, 900 F.3d at 71; Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003).

Here, the court dismissed N.E.S.A.I.M.'s claims in its Order granting Yale's Rule 41 Motion to Dismiss.  See Order on Def.'s Second Mot. to Dismiss (Doc. No. 87).  An order dismissing a plaintiff's claims for failure to prosecute or follow a court's orders "operates as an adjudication on the merits", unless the order provides otherwise.  See Fed. R. Civ. P. 41(b).  Thus, the dismissal of N.E.S.A.I.M.'s claims was an "adjudication on the merits" and cannot be modified "unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  See Off. Comm., 322 F.3d at 167; Colvin, 900 F.3d at 71.

N.E.S.A.I.M. does not make any mention of intervening law, new evidence, or the need to correct an error or prevent injustice.  Instead, in the one-page Motion to Reinstate, counsel argues that:

> The failure to secure legal representation of [N.E.S.A.I.M.] by the December 4[ ] date . . . was not due to any lack of diligence by [p]laintiff Howell.  Rather, as soon as contacted, the undersigned agreed to represent and filed a notice of appearance.

See Mot. to Reinstate.  Plaintiffs' counsel, Attorney Miller, filed the Motion to Reinstate on December 16, 2023.  Taking counsel's representation as true would signify that Mr. Howell contacted counsel after the December 4th deadline.  It is possible that between the court's Order on October 19, 2023, granting the plaintiffs' Motion for Extension of Time to Find New Counsel, and Attorney Miller's Notice of Appearance filed on December 15, 2023, Mr. Howell made diligent efforts but ultimately failed to retain legal

---

Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) ("A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").

11

representation. However, N.E.S.A.I.M. neither made representations nor provided evidence for the court's consideration demonstrating that this was the case. Furthermore, prior to the extension, the court repeatedly warned N.E.S.A.I.M. that failure to obtain successor counsel would result in the dismissal of its claims. See Order on Motion to Withdraw (Doc. No. 45); Order on Am. Mot. to Withdraw (Doc. No. 67); Order Regarding Counsel (Doc. No. 72); Order on Def.'s Objection (Doc. No. 84). Mr. Howell even acknowledged the court's warning at a hearing before Magistrate Judge Farrish, see Order on Am. Mot. to Withdraw (Doc. No. 67), held on August 18, 2023, see Notice of Hearing on Am. Mot. to Withdraw (Doc. No. 55); Minute Entry (Doc. No. 60). Given the long time the court gave to N.E.S.A.I.M., and N.E.S.A.I.M's failure to abide by the court's deadline—with no excuse, let alone, good cause, or any basis under Rule 54(b) to do so—even if the court were to construe N.E.S.A.I.M.'s unfounded assertions of diligence in seeking counsel and the "slight delay" in counsel's appearance as arguments pertaining to fairness, it has no basis upon which to grant this Motion.

Accordingly, the court denies the Motion to Reinstate (Doc. No. 89).

B.      Motion for the Sanction of Dismissal (Doc. No. 57)

Yale seeks the sanction of dismissal of the instant case pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure and Rules 7, 37, and 41 of the Local Rules of Civil Procedure of the District of Connecticut. See Def.'s Mot. for Dismissal.

In support of its Motion, Yale emphasizes the plaintiffs' failure to:

(1) attend the August 9, 2023 discovery deposition noticed by the University on July 6, 2023, pursuant to this [c]ourt's Order dated June 30, 2023 ([Doc.] No. 41); (2) comply with the [d]efendant's First Set of Interrogatories and Requests for Production dated and served on January 20, 2023 ("Defendant's First Discovery Requests") by June 8, 2023, pursuant to this [c]ourt's Order dated May 25, 2023

12

>([Doc.] No. 25); (3) produce to the [d]efendant their damages analysis by June 8, 2023, pursuant to the [c]ourt's Order dated May 25, 2023 ([Doc.] No. 25); (4) pay the University's attorneys' fees on or before July 31, 2023, pursuant to this [c]ourt's Order and Memorandum of Decision dated July 17, 2023 ([Doc.] No. 48); and (5) respond to the [d]efendant's Second Set of Requests for Production dated and served on July 6, 2023 ("Defendant's Second Discovery Requests") by August 4, 2023, pursuant to Fed. R. Civ. P. 33 and 34.

See Def.'s Mot. for Dismissal at 1-2.  The Motion is unopposed.[3]  On September 6, 2023, Yale filed a Reply in further support of its Motion for the Sanction of Dismissal, noting that Local Rule 7(a)(2) provides that the plaintiffs' failure to oppose the Motion may be sufficient cause to grant the Motion.  See Def.'s Reply at 1.

Under Rule 37, the court may "dismiss[ ] the action or proceeding in whole or in part" for a party's "fail[ure] to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a).  See Fed. R. Civ. P. 37(b)(2)(A).[4]  "[D]ismissal or default is justified if the . . . court finds that failure to comply with discovery orders was due to 'willfulness, bad faith, or any fault' of the party [to be] sanctioned".  See S. New England Tel. Co. v. Global NAPS, Inc., 624 F.3d 124, 144 (2d Cir. 2010) (quoting Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986)).  However, it is a "'drastic remedy' generally to be used only when the district judge has considered lesser

---

[3] Responses to Yale's Motion were due September 5, 2023.  See Mot. for Dismissal (Doc. No. 57) ("Responses due 9/5/23").  Attorney Palmieri represented Mr. Howell until the court's Order granting his withdrawal on September 13, 2023.  See Order on Am. Mot. to Withdraw (Doc. No. 67). Despite Attorney Palmieri's appearance in the case until after the deadline for the plaintiff's response, no Opposition was filed.  Further, Attorney Miller entered her appearance approximately three months ago on December 15, 2023, see Notice of Appearance (Doc. No. 88); but did not move for an extension of time to file an Opposition to Yale's Motion.

[4] Yale also moves for dismissal under Rule 41, which allows the defendant to "move to dismiss the action or any claim against it", "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order".  See Fed. R. Civ. P. 41(b).  However, besides the opening sentence in the Motion asserting that Yale moves pursuant to Rule 41, its Memorandum and supporting case law only address Rule 37.

13

alternatives." See id. (quoting John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988)).

Yale asserts that it provided Notice of a Deposition scheduled for August 9, 2023, see Def.'s Mot. for Dismissal at 8-9, pursuant to the court's Order permitting Yale to depose the plaintiffs, at the plaintiffs' expense, "on the sufficiency and completeness of their responses to interrogatories and requests for production, and on the circumstances surrounding the loss or destruction of any relevant documents or information", see June 30th Order (Doc. No. 41).  However, neither the plaintiffs nor their previous counsel attended the Deposition on time, although Yale's counsel attempted to reach plaintiffs' then-counsel, Attorney Palmieri, on August 7 and August 8, 2023, to confirm that the Deposition was proceeding as planned on August 9, 2023. See Def.'s Mot. for Dismissal at 9 (citing Def.'s Ex. 1, Affidavit of Shea ("Shea Aff.") (Doc. No. 57-1) ¶¶ 23, 25-27).

While the failure to attend the Deposition on time, together with the prior instances of the plaintiffs' noncompliance with the court's prior Orders pertaining to discovery, could be indicative of willfulness, bad faith, or fault of the plaintiffs, it bears emphasis here that these events took place contemporaneously with Attorney Palmieri's Motion and Amended Motion to Withdraw.  Indeed, the Deposition took place after the court denied the first Motion to Withdraw, see Order Regarding Motion to Withdraw (July 7, 2023) (Doc. No. 45), and the filing of the Amended Motion to Withdraw, see Am. Mot. to Withdraw (July 7, 2023) (Doc. No. 46), but before the court held a hearing on the matter, see Minute Entry (August 18, 2023) (Doc. No. 43); or granted the Motion, see Order Regarding Am. Motion to Withdraw (Doc. No. 67).  As the court noted in its Order,

14

while Motions to Withdraw are not typically granted unless successor counsel has appeared or the party elects to proceed pro se, the court granted Attorney Palmieri's Motion because it found "the attorney-client relationship [was] irreparably broken." See id. As Yale's counsel acknowledges, Attorney Palmieri never responded to Yale's reminders about the August 9th Deposition. See Shea Aff. ¶ 26. Consequently, the court cannot be sure that the plaintiffs were aware of the defendant's good-faith attempts to remind them. See, e.g., Mot. for Ext. of Time to File Reconsideration (Doc. No. 58) at 3 (noting that ". . . the undersigned, terminated from matter by the plaintiffs, has abided by the instruction of Todd Howell, and has engaged in no further substantive work on the instant case . . . includ[ing] reading the July 17, 2023 Order . . ."). Notably, this is not the first instance of recalcitrance from Attorney Palmieri. As Judge Farrish set forth in his Order denying Attorney Palmieri's Motion for an Extension of Time for Reconsideration or Reargument of the court's Order granting Yale's Motion for Attorney Fees, "Mr. Palmieri says that failure to timely respond to discovery was his clients' fault, but it was Mr. Palmieri (and not his clients) who forced the [d]efendant to incur the effort and expense of a motion to compel by being unresponsive to its counsel." See Order on Mot. for Ext. of Time (Doc. No. 62). Moreover, Yale's counsel asserts that Mr. Howell appeared outside his office an hour after the Deposition was set to begin, but, as he notes, Mr. Howell could not be deposed or communicated with, without his then-legal representative. See Shea Aff. ¶ 27. Therefore, even if Mr. Howell had appeared on time, the Deposition would not have been able to take place as planned.

In light of the difficulties between the plaintiffs and then-counsel, Attorney Palmieri, which occurred contemporaneously with Yale's attempts at taking the plaintiffs'

15

Depositions, the court will provide Mr. Howell with one more opportunity. The court orders that Mr. Howell produce all discovery within three weeks of this Order. After the plaintiff has complied with all discovery as ordered by Magistrate Judge Farrish, the defendant may depose the plaintiff on the sufficiency of his discovery responses as well as the circumstances pertaining to the loss or destruction of relevant documents. See June 30th Order (Doc. No. 41). As the previous Order indicated, the plaintiff is to pay for the defendant's reasonable attorneys' fees and costs associated with the Deposition. See id. The defendant shall provide the plaintiff with the amount due within one week of the conclusion of the Deposition, using an estimate from the Court Reporter for Deposition costs. The plaintiff is ordered to provide the defendant with payment within one week of receiving the amount due from the defendant. If the plaintiff fails to comply with any aspect of this Order, the court invites the defendant to renew its Motion for the Sanction of Dismissal, which the court will grant absent a showing of extraordinary circumstances by the plaintiff. The Motion, insofar as it seeks dismissal as to N.E.S.A.I.M.'s claims, is moot as a result of the court's denial of the Motion to Reinstate, see, supra, at 9-12.

Yale also argues for dismissal on the grounds that the plaintiffs: (1) have repeatedly failed to abide by Magistrate Judge Farrish's May 25th Order (Doc. No. 25) pertaining to discovery; and (2) failed to respond to Yale's Second Discovery Request. See Mot. for Dismissal at 10-16, 19-21. Although Magistrate Judge Farrish warned the plaintiffs in his June 30th Order, as he did in his May 25th Order, that failure to comply may lead to dismissal of their case, see May 25th Order (Doc. No. 25); June 30th Order (Doc. No. 41), the instant Ruling is intended to redress the plaintiff's failure to abide by

16

all previous discovery Orders. Thus, for the same reasons regarding the court's concerns regarding then-counsel's failures to communicate with the plaintiffs, the court denies the defendant's Motion on this ground.

As to the plaintiffs' failure to respond to the University's Second Discovery Request dated July 7, 2023, Yale argues that it "contributes to a pattern of disobedience and lack of regard for the discovery process." See Mot. for Dismissal at 19. The Second Discovery Request was issued after (1) Yale had filed its Supplemental Motion to Compel & for Sanctions (Doc. No. 28) and its Status Report (Doc. No. 36) specifying the plaintiffs' noncompliance pursuant to Magistrate Judge Farrish's May 25th Order (Doc. No. 25); and (2) Magistrate Judge Farrish's June 30th Order (Doc. No. 41) permitting Yale to depose the plaintiffs on the sufficiency of the plaintiffs' discovery responses. The June 30th Order required the parties to meet and confer after the Deposition "in an effort to cure any deficiencies identified by the testimony." See June 30th Order (Doc. No. 41). Because the Deposition was scheduled for August 9, 2023, such a conferral would not occur until after this date. Yale argues that "the [p]laintiffs' failure to respond to the University's Second Discovery Requests is inexcusable", see Mot. for Dismissal at 20, but as the court already discussed, these events took place contemporaneously with Attorney Palmieri's Motions to Withdraw. Further, as the court also addressed supra, see, at 14, because Attorney Palmieri seemingly stopped engaging with matters relating to the instant action after Mr. Howell discharged him, Yale's Discovery Requests and communications likely never reached the plaintiffs. Thus, the Motion is denied as to this ground.

17

Lastly, Yale argues that the court should dismiss the case on the ground that the plaintiffs failed to pay attorneys' fees by July 31, 2023. <u>See</u> Mot. for Dismissal at 17-19. However, the court clearly imposed the costs on Attorney Palmieri. <u>See</u> Ruling and Order on Def's Mot. for Att'y Fees and Costs (Doc. No. 48) at 11-12. Therefore, the defendant's Motion for the Sanction of Dismissal on this ground is denied.

    C.    <u>Motion for Extension of Deadlines (Doc. No. 69)</u>

In light of the court's Ruling on the defendant's Motion for Sanction of Dismissal, the court grants in part the defendant's Motion for Extension of Deadlines (Doc. No. 69). Discovery must be completed within 30 days of the Deposition of the plaintiff, as ordered by Magistrate Judge Farrish, on the sufficiency of his responses to interrogatories and requests for production as well as the circumstances pertaining to the loss or destruction of relevant documents.

## IV.    CONCLUSION

For the reasons discussed above, the court denies plaintiff N.E.S.A.I.M.'s Motion to Reinstate (Doc. No. 89), denies the defendant's Motion for the Sanction of Dismissal (Doc. No. 57), and grants in part the defendant's Motion for an Extension of Deadlines (Doc. No. 69). The defendant's Motion for the Sanction of Dismissal, insofar as it seeks dismissal as to N.E.S.A.I.M.'s claims, is moot as a result of the court's denial of the Motion to Reinstate.

The court orders the plaintiff to produce all discovery within three weeks of this Order. After the plaintiff has satisfied production, as originally ordered by Magistrate Judge Farrish in his Order (Doc. No. 41) on June 30, 2023, the defendant may depose the plaintiff on the sufficiency of his responses to interrogatories and requests for production as well as the circumstances pertaining to the loss or destruction of relevant

documents. The plaintiff is to pay for the defendant's reasonable attorneys' fees and costs associated with the Deposition. The defendant is to provide the plaintiff with the amount of reasonable attorneys' fees and costs it incurred within one week of the conclusion of the Deposition, and the plaintiff is to provide payment within one week of receipt of the costs from defense counsel. All discovery must be completed within 30 days of the Deposition. If the plaintiff fails to comply with any aspect of this Order, the defendant may renew its Motion for the Sanction of Dismissal.

    SO ORDERED.

    Dated at New Haven, Connecticut this 25th day of March 2024.

    /s/ Janet C. Hall
    Janet C. Hall
    United States District Judge