UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TODD HOWELL | Civil Action No. |
| | 3:22-cv-1160 (JCH) (TOF) |
| Plaintiff, | |
| v. | |
| YALE UNIVERSITY | |
| Defendant. | |
| | JUNE 21, 2024 |

### THIRD JOINT STATUS REPORT

Pursuant to the Scheduling Order dated October 24, 2022 (Doc. No. 17) and the Order of the Court, *Hall, J.*, dated June 7, 2024 (Doc. No. 92), the parties, by and through their undersigned counsel, hereby submit their Third Joint Status Report.

**I.  Procedural History**

The plaintiffs, Todd Howell ("Plaintiff Howell") and N.E.S.A.I.M., LLC ("LLC Plaintiff") (collectively, "Plaintiffs"), commenced this action in the Superior Court of the State of Connecticut for the Judicial District of New Haven at New Haven, bearing a return date of September 27, 2022.  The summons and complaint were served upon the defendant, Yale University ("the

University"), on August 17, 2022. The University thereafter removed the case to this Court on September 14, 2022.

The Plaintiffs made the following claims against the University: (1) breach of contract (Count One); (2) breach of the implied covenant of good faith and fair dealing (Count Two); (3) violation of 42 U.S.C. § 1981 (Count Three); violations of the due process and equal protection provisions of the Constitution of the State of Connecticut and the Constitution of the United States (Count Four); and (5) intentional infliction of emotional distress (Count Five). The Plaintiffs' claims are based on their contract to provide snow removal services for the University.

On September 20, 2022, the University filed a Partial Motion to Dismiss Counts Four and Five of the Plaintiff's Complaint (Doc. No. 12). On September 26, 2023, the Court, *Hall, J.*, granted, in part, the University's Partial Motion to Dismiss (Doc. No. 71). Specifically, the Court granted the University's Partial Motion to Dismiss Count Four as to both Plaintiffs; however, it granted, in part, the University's Motion as to Count Five concerning the LLC Plaintiff, but denied the same with respect to Plaintiff Howell. *See id.*

On September 21, 2023, the University moved to dismiss the Plaintiffs' claims with prejudice pursuant to Fed. R. Civ. P. 41 and D. Conn. Local Civ. R 7(e) due to their failure to timely file *pro se* appearances or obtain successor counsel (Doc. No. 70). On October 13, 2023, Plaintiff Howell filed a *pro se*

appearance on his own behalf, but no appearance was filed on behalf of the LLC Plaintiff (Doc. No. 75). On December 12, 2023, the University filed a Reply in Further Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 41 and D. Conn. Local Civ. R 7(e) (Doc. No. 86) seeking to dismiss LLC Plaintiff's claims with prejudice due to its continued failure to timely obtain successor by the Court-mandated deadline of December 4, 2023 (Doc. No. 84). Thereafter, on December 12, 2023, the Court, *Hall, J.*, granted the University's Motion to Dismiss as to the LLC Plaintiff (Doc. No. 87).

On December 15, 2023, Attorney Josephine Miller filed an appearance on behalf of the Plaintiffs (Doc. No. 88). The next day, on December 16, 2023, the Plaintiffs moved to reinstate the LLC Plaintiff (Doc. No. 89), which the University objected to on December 19, 2023 (Doc. No. 90). On March 25, 2024, the Court, *Hall, J.*, denied the Plaintiffs' Motion to Reinstate the LLC Plaintiff, thereby resulting in its removal from this lawsuit. (Doc. No. 91).

## II. **Discovery**

On January 20, 2023, the University served its First Set of Interrogatories and Requests for Production on the Plaintiffs, to which they initially responded on June 15, 2023, and supplementally responded on June 22, 2023 (Doc. No. 34). The University served its Second and Third Set of Requests for Production on the Plaintiffs on July 6, 2023, and April 9, 2024, respectively. On April 15, 2024, pursuant to the Court's Order and Ruling

3

dated March 25, 2024 (Doc. No. 91), s*ee infra*, Plaintiff Howell provided supplemental responses to the University's First Set of Interrogatories and Requests for Production, as well as the Second and Third Sets of Requests for Production. To date, Plaintiff Howell has not served discovery on the University; nor has he provided his Damages Analysis, which was due over a year ago on June 8, 2023, per this Court's Order dated May 25, 2023 (Doc. Doc. No. 25).

On August 15, 2023, the University moved for a sanction of dismissal under Fed. R. Civ. P. 37 and 41, and Rules 7, 37 and 41 of the D. Conn. Local Civ. R 7, 37 and 41 based on Plaintiff Howell's (and, at the time, the LLC's Plaintiff's) ongoing discovery noncompliance[1] (Doc. No. 56). Additionally, on September 18, 2023, the University moved for an extension of time to complete its discovery until ninety (90) days after the Court ruled on the University's Motion for Further Sanction of Dismissal (Doc. No. 69).

On March 25, 2024, the Court, *Hall, J.*, issued a Ruling and Order concerning, *inter alia*, the University's Motion for Sanction of Dismissal and Motion for Extension of Time (Doc. No. 91). Regarding the former, the Court stated that Plaintiff Howell was required to produce all outstanding discovery responses within three (3) weeks from the date of the Order dated March 25,

---

[1] On September 6, 2023, the University filed a Reply in further support of its Motion for the Sanction of Dismissal, noting that Local Rule 7(a)(2) provides that the Plaintiffs' failure to oppose the Motion may be sufficient cause to grant the Motion (Doc. No. 65).

4

2024—*i.e.*, by April 15, 2024, and that the University may thereafter depose Plaintiff Howell on the sufficiency these responses, as well as the circumstances pertaining to the loss or destruction of relevant documents. *See id.* As to the latter, the Court stated that discovery must be completed within thirty (30) days of Plaintiff Howell's deposition. *See id.*

On May 17, 2024, counsel for the University subpoenaed and noticed the depositions of (1) Andrea Wolfe, the former CFO of AGCT-CORP (the company for which N.E.S.A.I.M. was allegedly acting as a consultant for the subject snow removal contract) for July 9, 2024, at 10:00 a.m.; (2) Carlos Arroyo—an employee of N.E.S.A.I.M., LLC—for July 9, 2024 at 1:00 p.m.; and (3) Charles Fetters—AGCT-CORP's former CEO—for July 11, 2024, at 10:00 a.m. On May 23, 2024, Plaintiff Howell's counsel emailed counsel for the University stating, *inter alia*, that she was unavailable for the above depositions scheduled on July 9 and 11, 2024, and that her anticipated trial schedule would prevent her from being able to schedule depositions in July except for a few dates.

As such, on May 24, 2024, counsel for the University re-noticed and re-subpoenaed Ms. Wolfe's and Mr. Arroyo's depositions for July 15, 2024, at 10:00 a.m. and 1:00 p.m., respectively, and Mr. Fetters's deposition for July 17, 2024, at 10:00 a.m. Counsel for the University also advised Plaintiff Howell's counsel that they needed to agree on a date in late July or early August for Mr. Howell's deposition. However, to date, Plaintiff Howell's

deposition has not been scheduled due to the trial schedule for plaintiff's counsel, and the need to complete the Wolfe, Arroyo and Fetters depositions beforehand. The parties anticipate that Plaintiff Howell's deposition will take place in August.

### III. Dispositive Motions

The University expects that it will move for summary judgment on some or all of the Plaintiff Howell's remaining claims after completing his and the above third-party depositions scheduled in July and August.

THE PLAINTIFF, TODD HOWELL

BY: ct27039
Josephine S. Miller (ct27039)
130 Deer Hill Ave., Unit 13
Danbury, CT 06810
Tele: (203) 512-2795
Fax: (203) 702-5188
jsmillerlaw@gmail.com

THE DEFENDANT, YALE UNIVERSITY

BY: /s/ Kevin C. Shea
Kevin C. Shea (ct13781)
Jordan J. Kowalski (ct31499)
Clendenen & Shea, LLC
400 Orange Street
New Haven, CT 06511
Tele: (203) 787-1183
Fax: (203) 787-2847
office@clenlaw.com; kcs@clenlaw.com
jjk@clenlaw.com