## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| TODD HOWELL | : | Civil Action No. |
| | : | 3:22-cv-1160 (JCH) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| Defendant. | : | |
| | : | SEPTEMBER 20, 2024 |

### FOURTH STATUS REPORT

Pursuant to the Scheduling Order dated October 24, 2022 (Doc. No. 17) and the Order of the Court, *Hall, J.*, dated June 7, 2024 (Doc. No. 92), the defendant, Yale University ("University"), by and through its undersigned counsel, hereby submit the Fourth Status Report.[1]

---

[1] In the early afternoon of Monday, September 16, 2024, the University's counsel emailed plaintiff's counsel this draft styled as a joint status report, for her review, input and approval, noting that he would be traveling out of state on September 20, 2024 and therefore wanted to ensure timely filing of the report. Hearing no reply, on Wednesday, September 18, 2024 the University's counsel phoned plaintiff's counsel and left a voicemail message advising that he was working from home with Covid and had limited ability to revise the report, and therefore requested her input to ensure timely filing. Again hearing no reply, the University's counsel sent another email on Thursday morning, September 19, 2024, seeking the input of plaintiff's counsel to ensure timely filing of the report. Having received no input as of the time of this filing, the University is constrained to file it unilaterally. The University also notes that, in the meantime, plaintiff's counsel has served both discovery requests and an amended complaint upon him in the newly filed state court case brought by the dismissed plaintiff N.E.S.A.I.M., L.L.C., referenced *infra* at p. 4.

## I.    **Procedural History**

The plaintiffs, Todd Howell ("Plaintiff Howell") and N.E.S.A.I.M., LLC ("LLC Plaintiff") (collectively, "Plaintiffs"), commenced this action in the Superior Court of the State of Connecticut for the Judicial District of New Haven at New Haven, bearing a return date of September 27, 2022.  The summons and complaint were served upon the defendant, Yale University ("the University"), on August 17, 2022.  The University thereafter removed the case to this Court on September 14, 2022.

The Plaintiffs made the following claims against the University: (1) breach of contract (Count One); (2) breach of the implied covenant of good faith and fair dealing (Count Two); (3) violation of 42 U.S.C. § 1981 (Count Three); violations of the due process and equal protection provisions of the Constitution of the State of Connecticut and the Constitution of the United States (Count Four); and (5) intentional infliction of emotional distress (Count Five).  The Plaintiffs' claims were based on their alleged contract to provide snow removal services for the University.

On September 20, 2022, the University filed a Partial Motion to Dismiss Counts Four and Five of the Plaintiffs' Complaint (Doc. No. 12).  On September 26, 2023, the Court, *Hall, J.*, granted, in part, the University's Partial Motion to Dismiss (Doc. No. 71).  Specifically, the Court granted the University's Partial Motion to Dismiss Count Four as to both Plaintiffs; and, it granted, in part, the

2

University's Motion as to Count Five concerning the LLC Plaintiff, but denied the same with respect to Plaintiff Howell. *See id.*

On September 21, 2023, the University moved to dismiss the Plaintiffs' claims with prejudice pursuant to Fed. R. Civ. P. 41 and D. Conn. Local Civ. R 7(e) due to their failure to timely file *pro se* appearances or obtain successor counsel (Doc. No. 70). On October 13, 2023, Plaintiff Howell filed a *pro se* appearance on his own behalf, but no appearance was filed on behalf of the LLC Plaintiff (Doc. No. 75). On December 12, 2023, the University filed a Reply in Further Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 41 and D. Conn. Local Civ. R 7(e) (Doc. No. 86) seeking to dismiss LLC Plaintiff's claims with prejudice due to its continued failure to timely obtain successor counsel by the Court-mandated deadline of December 4, 2023 (Doc. No. 84). Thereafter, on December 12, 2023, the Court, *Hall, J.*, granted the University's Motion to Dismiss as to the LLC Plaintiff (Doc. No. 87).

On December 15, 2023, Attorney Josephine Miller filed an appearance on behalf of the Plaintiffs (Doc. No. 88). The next day, on December 16, 2023, the Plaintiffs moved to reinstate the LLC Plaintiff (Doc. No. 89), which the University objected to on December 19, 2023 (Doc. No. 90). On March 25, 2024, the Court, *Hall, J.*, denied the Plaintiffs' Motion to Reinstate the LLC Plaintiff, thereby resulting in its removal from this lawsuit (Doc. No. 91).

On July 11, 2024, the parties participated in a remote status conference

3

with Judge Hall, during which a schedule was established for the University to take several depositions—namely, (1) Andrea Wolfe, the former CFO of AGCT-CORP (the company for which N.E.S.A.I.M. was allegedly acting as a consultant for the subject snow removal contract); (2) Charles Fetters—AGCT-CORP's former CEO; (3) Carlos Arroyo—a former employee of N.E.S.A.I.M., LLC; and (4) the Plaintiff Howell.

On August 19, 2024, the dismissed Plaintiff N.E.S.A.I.M., LLC filed a state court lawsuit against the University pursuant to Connecticut General Statutes § 52-592—*i.e.*, the "accidental failure of suit" statute. *See* Docket. No. NNH-CV24-6146638-S. The LLC Plaintiff's Complaint asserts two counts against the University: Anticipatory Breach of Contract (Count One) and Promissory Estoppel (Count Two). *See id.* Both of N.E.S.A.I.M., LLC's claims in that lawsuit are based on the contract that is the subject of the contract-based claims in this lawsuit, *i.e.*, Counts One, Two and Three.

## II.    **Discovery**

On January 20, 2023, the University served its First Set of Interrogatories and Requests for Production on the Plaintiffs, to which they initially responded on June 15, 2023, and supplementally responded on June 22, 2023 (Doc. No. 34). The University served its Second and Third Set of Requests for Production on the Plaintiffs on July 6, 2023, and April 9, 2024, respectively. Finally, on July 10, 2024, the University served its Fourth Set of

Requests for Production.

On April 15, 2024, pursuant to the Court's Order and Ruling dated March 25, 2024 (Doc. No. 91), s*ee infra,* Plaintiff Howell provided supplemental responses to the University's First Set of Interrogatories and Requests for Production, as well as the Second and Third Sets of Requests for Production. Moreover, on July 19, 2024, counsel for Plaintiff Howell provided a signed authorization to obtain certain medical records requested in the University's Fourth Set of Requests for Production. To date, the Plaintiff has not provided his Damages Analysis, which was due over a year ago on June 8, 2023, per this Court's Order dated May 25, 2023 (Doc. Doc. No. 25).

On August 15, 2023, the University moved for a sanction of dismissal under Fed. R. Civ. P. 37 and 41, and Rules 7, 37 and 41 of the D. Conn. Local Civ. R. based on Plaintiff Howell's (and, at the time, the LLC's Plaintiff's) ongoing discovery noncompliance[2] (Doc. No. 56).  Additionally, on September 18, 2023, the University moved for an extension of time to complete its discovery until ninety (90) days after the Court ruled on the University's Motion for Further Sanction of Dismissal (Doc. No. 69).

On March 25, 2024, the Court, *Hall, J.,* issued a Ruling and Order concerning, *inter alia,* the University's Motion for Sanction of Dismissal and

---

[2] On September 6, 2023, the University filed a Reply in further support of its Motion for the Sanction of Dismissal, noting that Local Rule 7(a)(2) provides that the Plaintiffs' failure to oppose the Motion may be sufficient cause to grant the Motion (Doc. No. 65).

Motion for Extension of Time (Doc. No. 91). Regarding the former, the Court stated that Plaintiff Howell was required to produce all outstanding discovery responses within three (3) weeks from the date of the Order dated March 25, 2024—*i.e.*, by April 15, 2024, and that the University may thereafter depose Plaintiff Howell on the sufficiency these responses, as well as the circumstances pertaining to the loss or destruction of relevant documents. *See id.* As to the latter, the Court stated that discovery must be completed within thirty (30) days of Plaintiff Howell's deposition. *See id.*

On May 17, 2024, counsel for the University subpoenaed and noticed the depositions of (1) Ms. Wolfe for July 9, 2024, at 10:00 a.m.; (2) Carlos Arroyo for July 9, 2024 at 1:00 p.m.; and (3) Charles Fetters for July 11, 2024, at 10:00 a.m. On May 23, 2024, Plaintiff Howell's counsel emailed counsel for the University stating, *inter alia*, that she was unavailable for the above depositions scheduled on July 9 and 11, 2024, and that her anticipated trial schedule would prevent her from scheduling depositions in July except for a few dates.

As such, on May 24, 2024, counsel for the University re-noticed and re-subpoenaed Ms. Wolfe's and Mr. Arroyo's depositions for July 15, 2024, at 10:00 a.m. and 1:00 p.m., respectively, and Mr. Fetters's deposition for July 17, 2024, at 10:00 a.m. However, because of a conflict with their deposition dates and times, Mr. Fetters and Ms. Wolfe needed to move their depositions so

they could both be deposed on the same day.  As such, on June 27, 2024, the University re-noticed and re-subpoenaed Ms. Wolfe's and Mr. Fetters' depositions for July 17th at 10:00 a.m. and 12:00 p.m., respectively, with Mr. Arroyo's deposition to remain on July 15, 2024, as scheduled.

On July 8, 2024, Plaintiff Howell's counsel informed counsel for the University that she had an argument scheduled on July 15, 2024, *e.g.*, the date of Mr. Arroyo's deposition, and therefore requested that it be rescheduled for August 20, 2024, with the University's counsel to take Plaintiff Howell's deposition the following day. Counsel for the University agreed to this proposal. However, on July 9, 2024, Plaintiff Howell's counsel notified the University's counsel of another conflict: Ms. Wolfe's and Mr. Fetters' depositions scheduled for July 17, 2024, coincided with a federal pre-trial conference. The University's counsel stated that he was open to rescheduling these depositions but specified that Plaintiff Howell's counsel would need to address these conflicts at the upcoming Remote Status Conference on July 11, 2024.

As anticipated, during the Remote Status Conference on July 11, 2024, Plaintiff Howell's counsel addressed these above conflicts with Judge Hall, who then contacted Judge Alvin W. Thompson to reschedule Plaintiff Howell's counsel's pretrial conference set for July 17, 2024, to 4 p.m. or another day so as to allow Ms. Wolfe's and Mr. Fetters' depositions to proceed as scheduled. *See* Doc. No. 96. The University completed the depositions of Ms. Wolfe and Mr.

Fetters on July 17, 2024.

On August 10, 2024, Plaintiff Howell's counsel informed counsel for the University that Mr. Arroyo's deposition could not proceed on August 20, 2024, due to a family court trial that was rescheduled to commence on that date. The University's counsel proposed moving Mr. Arroyo's deposition to August 21, 2024, and Plaintiff Howell's to August 28, 2024, to which Plaintiff Howell's counsel agreed. Unfortunately, Plaintiff Howell's counsel was affected by the torrential rain and flooding in August 2024 that impacted several Connecticut towns, thereby preventing her attendance at Mr. Arroyo's and Plaintiff Howell's depositions scheduled on August 21, 2024, or August 28, 2024, respectively. Both counsel then discussed—and ultimately agreed upon—scheduling Mr. Arroyo's deposition for September 6, 2024, with Plaintiff Howell's deposition to follow the next week.

Soon after this conversation, Plaintiff Howell's counsel informed the University's counsel that Mr. Arroyo was starting a new job, and would be unable to attend his deposition on September 6, 2024. As such, counsel for the University re-noticed and re-subpoenaed Mr. Arroyo's deposition for September 10, 2024, with Mr. Howell's deposition to proceed the following day. Although the University deposed Mr. Arroyo for several hours, his deposition was suspended due to time constraints related to his new work schedule; however, at this time, the University does not anticipate needing to recall him.

On September 12, 2024, the University deposed Plaintiff Howell for nearly five (5) hours, with the first three (3) hours of the deposition dedicated to addressing discovery-related issues, as authorized by the Court, and for which Plaintiff Howell must pay the University's reasonable attorneys' fees and costs. (Doc. No. 91). Unfortunately, the deposition needed to be continued due to his identification of certain outstanding documents for the first time during his deposition, which include, but are not limited to, the following:

- Text messages between Plaintiff Howell and Joseph Signore;
- Copies of his Federal and State tax returns for 2019, 2022 and 2023;
- Medical records related to Plaintiff Howell's alleged mental health treatment and physical health condition(s);
- A completed and signed copy of the Intake Form allegedly provided by Plaintiff Howell to Yale University's Office of Institutional Equity and Access;
- A copy of the police report related to the alleged theft of Mr. Howell's box truck in or around 2020/2021;
- A written list identifying any and all individuals who allegedly "blackballed" Mr. Howell following the conclusion of the snow and ice removal contract between the University and AGCT-CORP. d/b/a N.E.S.A.I.M., LLC; and
- A damages analysis.

## III. **Dispositive Motions**

The University expects that it will move to dismiss and/or for judgment on the pleadings with respect to Plaintiff Howell's contract-based claims in Counts One, Two and Three. It also anticipates moving for summary judgment on Plaintiff Howell's claim for intentional infliction of emotional distress.

THE DEFENDANT
YALE UNIVERSITY

BY: _____
Jordan J. Kowalski (ct31499)
Kevin C. Shea (ct13781)
Clendenen & Shea, LLC
400 Orange Street
New Haven, CT 06511
Tele: (203) 787-1183
Fax: (203) 787-2847
office@clenlaw.com; kcs@clenlaw.com
jjk@clenlaw.com

CERTIFICATION:

This is to certify that a copy of the foregoing has been sent to all required notification parties either via operation of the Court's electronic notification system or by first-class mail, postage pre-paid to anyone unable to accept such notification on September 20, 2024.

_____
CLENDENEN & SHEA, LLC